**STATE of Texas, Appellant,**

v.

**F. H. WATSON et ux., Appellees.**

**No. 4860.**

Court of Civil Appeals of Texas.

Waco.

Dec. 11, 1969.

Rehearing Denied Jan. 8, 1970.

Crawford C. Martin, Atty. Gen., of Texas, (Robert L. Towery, Asst. Atty. Gen.), Austin, for appellant.

Hugh D. Reed, Jr., Fairfield, W. A. Keils, Jr., Teague, for appellees.

## OPINION

HALL, Justice.

Appellant expressly condemned "3.256 acres of land, more or less, out of a 398 acre tract" owned by appellees in Freestone County. The taking clipped a triangular-shaped parcel from the Northeast corner of appellees' land. It was necessary for the construction of Interstate Highway 45.

An airport, including a landing strip and improvements, was located on the eastern end of appellees' land. It was the only airport in the county, and was, as the evidence shows, "a private airfield, open to the public for everybody's use." The parties agree that the taking in question destroyed the airfield.

Appellees did not personally testify, but their witnesses testified that approximately 65 acres on the eastern end of the 398 acre tract was being used as an airfield; that the highest and best use of that 65 acres before the taking was for an airfield; that the highest and best use of the remainder of the 398 acres was for grazing land; that the highest and best use of the remainder of the 65 acres (being 61.-744 acres) after the taking was for grazing land; *and that none of the 398 acres other than the easternmost 65 acres was damaged by the taking.*

Appellant's witness testified that only 28½ acres on the eastern end of the 398 acre tract "had a use as an airstrip," and that the remainder of the "entire Watson tract" had usage "for grazing purposes, ranching purposes," but that a higher and better use for the remainder "would be for rural speculation purposes."

The case was submitted to the jury on the three issues recommended in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 201, 979. Issue one asked the value of the parcel taken, and issues two and three asked the value of the remainder before and after the taking.

In the special issues, the trial court assumed the taking to be from a tract of 65 acres, rather than from one of 398 acres; and, in special issues two and three, specifically referred to appellees' remainder as containing 61.744 acres of land.

In its first point of error, appellant contends that special issues two and three constituted a "comment on the weight of the evidence" by the trial court "because the number of acres in the remainder was a disputed fact."

■ The gist of appellant's complaint in the argument under its first point is that the trial court assumed and instructed the jury, in special issues two and three, that 65 acres were being used for airport purposes, as testified to by appellees' witnesses, and not 28½ acres, as testified to by appellant's witness. We do not agree with this contention, and overrule the point of error.

The number of acres in the remainder was not a "disputed fact." Appellant expressly admitted in its pleadings that the remainder was the balance, after the taking, in a "398 acre tract." Appellees, the landowners, had the right to waive damages to any or all of the remainder. State v. Meyer, (Tex.Sup.Ct., 1966) 403 S.W.2d 366, 374. Under the record, as set forth above, they admitted that they sustained no damage to any of their remainder other than the 61.744 easternmost acres thereof.

By limiting appellees to a remainder of 61.744 acres in special issues two and three, the trial court submitted "the controlling issues made by the written pleadings and the evidence," as he was required to do by Rule 279, Texas Rules of Civil Procedure.

■ Moreover, we believe that appellant expressly agreed or at least impliedly consented during the progress of the trial that the case would be submitted on the basis of a total acreage of 65 acres before the taking, with 3.256 acres being the amount of acreage taken and a remainder of 61.744 acres. While the appellees' value witness, Steward, was testifying, the following colloquy was had in the presence of the court and jury:

Question by appellees' attorney, Mr. Reed:

"Now, did you arrive at the fair market value of the remainder of this particular

tract of land, the entire remainder, immediately prior to the taking of this tract of land?"

Answer: "Yes."

Mr. Towery, attorney for appellant: "Your honor, we'd like to object now to the phrasing of this question as it pertains to the entire tract of three hundred and ninety-eight acres as being the remainder. By the testimony given thus far * * * there are two separate highest and best uses on this property; the sixty-five acres having a highest and best use as an airport; the remainder of the property, some three ninety-eight less the sixty-five acres is being used as a cattle operation. They have a divergent highest and best use."

Mr. Reed, attorney for appellees: "We'll agree to that; we'll agree, there's no problem, Bob. We don't claim any damage to anything except the sixty-five acres. And we can just disregard that. I'll just ask him on the basis of sixty-five acres. *We'll have to change the charge to sixty-five acres.* That will be fine." (Emphasis added).

Mr. Towery: "Okay. We withdraw the objection, then."

■ In any event, we fail to see how appellant was prejudiced in the matter. Its value witness testified to two sets of answers to special issues two and three, based upon assumptions that either 28½ acres or 65 acres was adaptable as an airfield. He testified to a "value per acre" of the land which, in either instance, did not change as a result of the taking. Under his testimony, if believed by the jury, the value of the parcel taken and the damage to the remainder would be the same whether 65 acres or 28½ acres was being used or was usable as an airport at the time of taking.

Appellant has a group of points in which it complains that the evidence is legally insufficient to support the jury's answer to the three issues. We overrule these points.

We see no precedential value in a quotation of the verdict or a recitation of the testimony. The jury, as it had a right to do, accepted the testimony of appellees' value witness, an appraiser who had lived in Freestone County for 45 years and had made many appraisals there; and rejected the testimony of appellant's witness, an appraiser from Houston who had never before appraised property in Freestone County. The jury's findings are within the testimony of the witnesses and are amply supported by the evidence.

We have carefully considered appellant's remaining points and contentions. None reflect reversible error, and they are overruled.

The judgment is affirmed.