**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**Robert K. RAMSEY, Appellee.**

No. 926.

Court of Civil Appeals of Texas, Tyler.

Sept. 30, 1976.

Rehearing Denied Oct. 28, 1976.

Jack C. Morgan, Morgan, Shumpert, Huff, Mosley & Co., Kaufman, for appellant.

Robert K. Ramsey, Terrell, for appellee.

MOORE, Justice.

This is an eminent domain proceeding. Appellant, Southwestern Bell Telephone Company, condemned an easement lying on the East side of appellee's 154-acre tract of land for the purpose of laying an underground communication cable. The tract condemned was 10 feet in width and 3,515 feet in length and covered an area of 35,-152.92 square feet or .807 of an acre. The easement extends along the west side and is contiguous to State Highway 34 connecting the City of Terrell, Texas, with Interstate Highway 20 and lies within the city limits of the City of Terrell. Appellee, Robert K. Ramsey, stipulated that the telephone company had a right to condemn the easement, and that all jurisdictional requirements had been met and that the only matter in controversy was the issue of damages. Prior to trial appellee filed a Motion in Limine judicially admitting that he owned not only the 154 acres adjacent to the easement but owned a total of 320 acres adjacent and contiguous to the ten foot easement and that the land was used as a unit for grazing purposes. Appellee further stipulated that he waived damages to the remainder of the 320 acres except for a strip of land 240 feet wide abutting and adjoining the easement running along the entire length of the easement and containing 843,669 square feet or 19.36 acres. Appellee also alleged in his Motion in Limine that the market value of the 240′ strip adjacent to the easement and being near Highway 34 was much higher than the over all per acre value of the

remaining land on which he waived severance damages and prayed for an order prohibiting the telephone company from showing that he owned other land other than the 240′ strip adjacent to the easement. The trial court granted the Motion in Limine and the cause was tried and submitted to the jury as if the entire remainder of appellee's property, after the taking of the 10-foot easement, consisted of only the 240′ strip containing 843,669 square feet or 19.36 acres. In response to the special issues,[1] the jury found (1) that the market value of the 35,152.92 square feet of land taken for the easement immediately before the taking was 6¢ per square foot; (2) that the market value immediately after the taking was 4¢ per square foot; (3) that the market value per square foot of the remaining 843,669 square feet lying 240 feet deep adjacent to the easement immediately before the taking was 6¢ per square foot; and (4) the market value immediately after the taking was 4¢ per square foot. The trial court rendered judgment on the verdict for appellee in the amount of $17,576.44. After its motion for judgment non obstante veredicto and its motion for new trial had been over-

ruled, the telephone company perfected this appeal.

We affirm.

Before discussing the points of error, we will undertake to summarize some of the pertinent facts established by the evidence. The record reveals that at the time of condemnation appellee used the 320-acre tract of land as a unit for grazing purposes. All value witnesses, including a witness called for the telephone company, testified that the highest and best use of the 10′ easement condemned, as well as the adjoining 240′ strip, was for commercial or industrial purposes and that the 250 feet adjoining the highway was reasonably adaptable for such purposes and that other land in the immediate vicinity had been sold and used for such purposes.

All value witnesses were interrogated with reference to a plat prepared by appellee showing the 10′ easement running along the property line abutting the highway and the 240′ strip adjacent thereto. A summary of their testimony, together with the verdict of the jury is as follows:

1. "SPECIAL ISSUE NO. 1: From a preponderance of the evidence, what do you find was the market value per square foot of the Defendant's 35,152.92 square feet of land covered by the easement involved herein condemned by SOUTHWESTERN BELL TELEPHONE COMPANY, immediately before the acquisition of said easement by SOUTHWESTERN BELL TELEPHONE COMPANY on the 16th day of April, 1971?

"Answer in Dollars and Cents per square foot.

"ANSWER: $.06 per square foot.

"SPECIAL ISSUE NO. 2: From a preponderance of the evidence, what do you find was the market value per square foot of Defendant's 35,152.92 square feet of land, taken by the easement involved herein, immediately after the taking of said easement by SOUTHWESTERN BELL TELEPHONE COMPANY on the 16th day of April, 1971?

"Answer in Dollars and Cents per square foot.

"ANSWER: $.04 per square foot.

"SPECIAL ISSUE NO. 3: From a preponderance of the evidence, what do you find was the market value per square foot of the adjoining 843,669 square feet of land owned by Defendant and lying 240 feet deep adjacent to the easement taken by SOUTHWESTERN BELL TELEPHONE COMPANY herein on April 16, 1971?

"Answer in Dollars and Cents per square foot.

"ANSWER: $.06 per square foot.

"SPECIAL ISSUE NO. 4: From a preponderance of the evidence, what do you find was the market value per square foot of the adjoining 843,669 square feet of land owned by Defendant adjacent to the easement taken by SOUTHWESTERN BELL TELEPHONE COMPANY and 240 feet deep on April 16, 1971?

"Answer in Dollars and Cents per square foot.

"ANSWER: $.04 per square foot."

| Witnesses | .087 Easement (35,152.92 sq. ft.) | | 19.36 acre remainder (843,669 sq. ft.) | |
|---|---|---|---|---|
| For the landowner: | Before per Square Foot | After per Square Foot | Before per Square Foot | After per Sq. Ft. |
| Ferguson | 31¢ | 0 | 31¢ | 26¢ |
| Curry | 31¢ | 0 | 31¢ | 26¢ |
| Ramsey (appellee) | 40¢ | 1¢ | 40¢ | 20¢ |
| For the Company: | | | | |
| Tarpley | 6¢ | 4½¢ | 6¢ | 6¢ |
| Verdict | 6¢ | 4¢ | 6¢ | 4¢ |

By the first, second and fifth points, the telephone company complains of the action of the trial court in permitting appellee's expert witnesses to testify as to the market value of the 10′ easement taken. Appellant objected on the ground that the 10′ easement taken was not a self-sufficient economic unit and as such it had no independent value. The telephone company contends that under the holding of *City of Tyler v. Brogan*, 437 S.W.2d 609 (Tex.Civ. App., Tyler 1969, no writ), the exclusive method of valuing a long, narrow strip such as this was to take the average per acre value of the entire 320 acres owned by appellee and then apply such average value per acre to the 10′ easement as a proportionate part of the whole.

■ We fail to find any authority in support of appellee's broad proposition that in all instances of a partial taking, the exclusive method for valuing the part taken must be as a part of the whole. Contrary to appellant's contention, the holding in *Brogan* does not stand for such proposition. The rule that the part taken may be valued as a part of the whole, and not as if it stood alone, has been imposed in some cases because ordinarily this relationship gives the part taken—particularly where it is a narrow strip—a greater value. 4A Nichols on Eminent Domain, sec. 14.231. The purpose of the rule is to protect the condemnee and assure him a just award, because otherwise the part taken would normally be useless and valueless if considered by itself. *City of Tyler v. Brogan,* supra. Since the foregoing rule is obviously for the condemnee's

benefit, such method of valuation is optional and constitutes only one of the several methods of valuation available to the condemnee. Consequently, the landowner in the instant case was not compelled to value the easement taken as a part of the whole, but had a right to introduce testimony showing market value as if the part taken stood alone as severed land. *State v. Carpenter,* 126 Tex. 604, 89 S.W.2d 194 (1936), rehearing denied, 126 Tex. 618, 89 S.W.2d 979 (1936).

■ The fact that the 10′ easement taken was not economically self-sufficient is not relevant to the issue of value. The question of whether the tract taken is or is not economically self-sufficient is a matter to be considered only in determining whether or not the landowner may claim severance damages to the remainder of his land. *City of Richardson v. Smith,* 494 S.W.2d 933, 939 (Tex.Civ.App., Dallas 1973, writ ref'd n. r. e.); *Southern Pipeline Corporation v. Deitch,* 451 S.W.2d 814 (Tex.Civ.App., Corpus Christi 1970, error granted); *Calvert v. City of Denton,* 375 S.W.2d 522 (Tex.Civ. App., Fort Worth, writ ref'd n. r. e.). The mere fact that the 10′ easement taken was not economically self-sufficient would not require it to be valued as a part of the whole. We perceive no error in the action of the court in overruling the objections or in refusing to strike the testimony valuing the easement taken as if it stood alone as severed land.

■ By the third point of error, the telephone company urges that the trial court

erred in permitting the landowner to waive severance damages to the remainder of his 320-acre tract of land, except for the arbitrarily designated 240-foot strip adjacent to the 10′ easement condemned. As we view the record, the proposition is without merit.

■ Ordinarily a landowner has a right to claim severance damages to the entire remainder provided it is contiguous and there is unity of use. *City of Austin v. Capitol Livestock Auction Co.,* 434 S.W.2d 423 (Tex.Civ.App., Austin 1968), modified and aff'd 453 S.W.2d 461 (Tex.1970); *City of Denton v. Hunt,* 235 S.W.2d 212 (Tex. Civ.App., Fort Worth 1950, writ ref'd n. r. e.). This is not to say, however, that a landowner is compelled to claim severance damages to his entire remaining lands. In instances where a substantial portion of the remainder is suitable and adaptable to commercial or industrial use, or some other specific use, and the other part of the remainder is not suitable or adaptable to the same purpose, the landowner is permitted to claim severance damages to only that portion thereof suitable and adaptable to specific uses. *Minyard v. Texas Power & Light Co.,* 271 S.W.2d 957, 959 (Tex.Civ. App., Fort Worth 1954, writ ref'd n. r. e.).

■ Under the pleadings and the evidence, it is clear that the appellee proceeded upon the theory that the taking of the easement along the highway frontage caused him to suffer damages to the most valuable part of his land. The evidence shows that land adjacent to a busy highway is much more valuable than that situated further back from the highway especially where its best and highest use is for commercial or industrial purposes. He conceded that the taking of the easement did not interfere with the use of, or caused damages to, any of his remaining land except the 250′ strip having highway frontage on State Highway 34. In view of his admission that the telephone company had a right to condemn and that the only issue in controversy was the value of the easement taken and the damages to the remainder consisting of the 240′ strip adjacent to the easement, the burden of proving damages

to the land was cast on him as the landowner. *State v. Walker,* 441 S.W.2d 168, 170 (Tex. 1969). Since the landowner had the burden of proving damages, he had a right to waive severance damages to any part or all of his remaining land. *State v. Meyer,* 403 S.W.2d 366 (Tex.1966); *State v. Watson,* 448 S.W.2d 720 (Tex.Civ.App., Waco 1969, writ ref'd n. r. e.). Where a landowner, as here, waives severance damages to a part of the remainder, the portion on which he does not waive damages will be considered as the remainder. Thus, in the instant case, the 240′ strip adjacent to the easement must be considered as the entire remainder.

■ Irrespective of whether a landowner draws an arbitrary line showing the perimeter of his claim for severance damages, he would be permitted to arrive at the same result by offering proof showing that only a specified area was damaged. A landowner, as well as the condemnor, can always offer proof showing how far the easement affected the whole tract of which only a single strip was taken.

For a landowner to claim severance damage to his entire remainder would, in some instances, border on the absurd. Suppose, for instance, a landowner owned a strip of land 10 miles long and 1 mile wide and that an easement such as this was condemned across one end of the property. In this situation the landowner would be hard put to argue that the easement taken resulted in damages to that part of the land at the opposite end situated 10 miles away.

We have been unable to find any authority, and have been cited none, denying a landowner the right to waive severance damages to a part of his remaining land, nor have we found any authority which would require a landowner to claim damages to all of his remaining land. We see nothing inherently wrong in allowing a landowner to claim severance damages only to a specified part of his land adjacent to the part taken. Appellant's third point is overruled.

■ Under the sixth point appellant complains of the action of the trial court in

admitting, over its objection, appellee's Exhibit No. 1. Appellant contends that the exhibit "misrepresented" to the jury that the appellee owned only a 240' strip of land adjoining the 10' easement, whereas appellee admitted he owned 320 acres of land. We overrule the point.

Appellee's Exhibit No. 1 consists of nothing more than a map or a plat showing Highway 34 with the easement colored in dark red and the 240' strip colored in light red. In view of our conclusion that a landowner is authorized to waive severance damages to a part of his remainder, the exhibit showing nothing more than that part of the remainder on which severance damages was claimed was clearly admissible.

Next, appellant complains of the action of the trial court in refusing to strike the testimony of appellee's value witness, E. P. Curry, because he gave no reason as to why or how the 240' strip adjacent to the easement suffered severance damages, citing the holding in *Tennessee Gas & Transmission Co. v. Zirjacks*, 244 S.W.2d 837 (Tex. Civ.App., San Antonio 1951, writ dism'd).

Generally, where a party claims severance damages to land, he must show how and why the taking caused damages to the remainder and the relationship of the same to market value. *Tennessee Gas & Transmission Co. v. Zirjacks*, supra; *Texas Electric Service Co. v. Vest*, 310 S.W.2d 733 (Tex.Civ.App., El Paso 1958, writ ref'd n. r. e.). Obviously, this rule applies to the party claiming surface damages and not to his value witnesses. Where the facts of the damages to the residue are in the record and the witnesses show themselves to be acquainted with the land burdened by the taking, there is no compelling reason for each value witness to first detail the "how" and "why" of his opinion before giving his opinion of value. Under those circumstances their testimony translates the damages into diminished market value and is therefore admissible. *State v. Scarborough*, 383 S.W.2d 839 (Tex.Civ.App., Texarkana 1964, writ ref'd n. r. e.); *City of Houston v. McFadden*, 420 S.W.2d 811 (Tex.Civ.App.,

Houston [14th Dist.] 1967, writ ref'd n. r. e.); *Southwestern Bell Telephone Co. v. Griffin*, 429 S.W.2d 576 (Tex.Civ.App., Texarkana 1968, n. w. h.). In this instance the witness, E. P. Curry, testified that he was familiar with the condition of the land at the time he made his appraisal. The record contains testimony given by other witnesses that the 240' strip adjacent to the easement had been damaged by virtue of the fact that the telephone company had erected at various intervals on the easement approximately 15 iron and wooden warning posts, warning of the presence of the cable; that the telephone company constructed at various intervals five metal boxes extending three feet above the ground, some of which were 12″ × 12″ in diameter and others being 6″ × 6″ in diameter. There is testimony showing that the presence of these warning signs and metal boxes diminishes the value of the 240' strip adjacent to the easement. Also there is testimony showing that in order to develop and use the 240' strip for commercial and industrial purposes, an additional 10 feet of hard surfacing would be required to cross the easement in order to use the 240' strip and that this would diminish the value of the 240' strip in that it would cost more to develop it for commercial or industrial uses. There is other evidence in the record showing that in order to lay sewer or water pipes from the highway to the 240' strip, it would be necessary to go under the telephone cable which would materially raise the cost thereof and in that respect would diminish the value of the 240' strip. Further, there is testimony from other witnesses showing that by virtue of the fact that appellant had the privilege of going on the easement and excavating for the purpose of making repairs would diminish the value of the 240' strip in that it would disrupt its use for commercial or industrial purposes. By implication, the witness Curry knew of the condition of the land and took this factor into consideration in arriving at his conclusion that the market value of the 240' strip had been diminished. In view of the fact that there was ample testimony before the jury tending to show how and why a decline in market

value would be likely to take place, the *Zirjacks* case and similar cases are not in point. Appellant's seventh point is overruled.

Appellant next contends that the trial court erred in denying its motion for judgment notwithstanding the verdict on the ground that there was "insufficient" evidence to support the jury's answer to special issue No. 4 finding that the value of the 240′ strip after the taking was 4¢ per square foot.

█ Rule 301, Texas Rules of Civil Procedure,[2] does not allow the rendition of a judgment notwithstanding the verdict on the ground that there was "insufficient" evidence to support the finding or that the finding is contrary to the preponderance of the evidence. 4 McDonald Texas Civil Practice, sec. 17.32 (1971 ed.).

█ In view of the statements made under the argument in the brief, it appears that appellant may have intended to say there was "no evidence" to support the jury's finding on this issue because none of the expert witnesses testified that the value after the taking was as low as 4¢ per square foot. If such be the case, we find the point to be without merit. The testimony of the expert witnesses is set forth in the chart above and will not be repeated here. In addition to the opinions of the expert witnesses, the record also contains testimony of other comparable sales in the area. The telephone company's own expert witness testified he found a comparable sale where land in the area had been sold for as low as 3.2¢ per square foot.

█ It has been generally held in condemnation cases that opinion evidence as to value is not conclusive. A jury may consider and accept or reject such opinions or it may find its own opinion from other evidence such as comparable sales, or by utilizing its own experience in matters of common knowledge. *Roberts v. State*, 350 S.W.2d 388 (Tex.Civ.App., Dallas 1961, n. w. h.), and cases cited therein. Moreover, it has been held that actual sales of similar or comparable land in the vicinity of that being condemned are more reliable than the opinion of experts. *County of Bexar v. Cooper*, 351 S.W.2d 956, 958 (Tex.Civ.App., San Antonio 1961, n. w. h.); *City of Dallas v. McLemee*, 378 S.W.2d 393, 394–95 (Tex. Civ.App., Dallas 1964, n. w. h.). The jury's finding falls within the range of the testimony. When viewed in the proper light there is at least some evidence to support the jury's finding. Appellant's eighth point is overruled.

█ We find no merit in appellant's points 10 through 18 contending that it was error for the court to submit the four special issues requiring the jury to find the value on a square-foot basis and also that the court erred in refusing appellant's requested special issues seeking a finding of value on an acreage basis.

Appellant objected to special issues numbers 1, 2, 3 and 4 and the ground that the submission on a square-foot basis amounted to a comment on the weight of the evidence.

The testimony shows that when land is suitable for commercial or industrial purposes, it is usually sold on a square-foot basis. The testimony of appellee's value witnesses, Ferguson and Curry, valuing the land on a square-foot basis, went into the record without objection. Further, appellant adduced testimony from its own expert witness valuing the easement on a square-foot basis. All of the expert witnesses valued comparable sales on a square-foot basis. Insofar as we have been able to find, none of the expert witnesses gave any testimony valuing either strip of land on an acreage basis. In view of the fact that all the expert witnesses valued the land on a square-foot basis and there was no evidence as to the value on an acreage basis, the trial court was obligated to submit the case on a square-foot basis. Consequently, we fail to see how it can be said that the submission on a square-foot basis amounted to a comment on the weight of the evidence.

2. All rules hereinafter referred to are to the Texas Rules of Civil Procedure.

While appellant argues on appeal that the submission on a square-foot basis was calculated to confuse the jury and cause them to miscalculate the damages, no objection was made to the issues on such ground in the trial court. Therefore, appellant's requested special issues, even if in correct form, are not a substitute for failure to object. *Southwestern Settlement & Development Corp. v. State*, 282 S.W.2d 78 (Tex.Civ.App., Beaumont 1955, ref'd n. r. e.); *Neuhoff Bros. Packers, Inc. v. McCauley*, 399 S.W.2d 929 (Tex.Civ.App., Waco 1966, ref'd n. r. e.). Under Rule 277 appellant must be held to have waived its right to complain of the issues on these grounds.

In any event we do not believe that the submission of the issues on a square-foot basis could have caused the jury to miscalculate the damages. The record shows that the telephone company's attorney, over appellee's objections, was permitted to interrogate the value witnesses and visually demonstrate before the jury the amount of damages the jury would be awarding for each strip in the event the jury accepted the testimony given by each witness. Consequently, the jury knew how much money, in dollars and cents, appellee would be awarded under the testimony of each of the value witnesses. For this reason we fail to see how appellant could have been harmed by the submission of the issues on a square-foot basis. *State v. Thompson*, 290 S.W.2d 319 (Tex.Civ.App., Waco 1956, n. r. e.); Rule 434.

Appellant next complains of the trial court's refusal to give its requested instructions numbers 1, 2 and 3.

Requested Instruction No. 1 was completely covered in the court's charge, except for the following phrase: ". . . provided, this cable should be placed at a depth not to interfere with the ordinary use of the land." We find no error in the court's refusing to give this instruction.

At the time of trial the telephone company had laid the telephone cable on the easement at a depth of approximately three feet. During the trial much testimony went into the record, without objection, showing that the shallow depth of the cable would interfere with the installation of water and sewage lines on the 240' strip because lines of this type would have to be laid underneath the cable. In view of this, we think the instruction would have been somewhat confusing and possibly harmful to appellant in that the jury might have been led to believe that the telephone company failed to comply with the covenant set forth in its petition for condemnation agreeing to bury the cable at a depth so as not to interfere with the use of the land. The record is replete with testimony showing appellee could have requested the telephone company to lower the line. Upon viewing the record as a whole, we do not believe it can be said that the failure to give such an instruction was calculated to cause and probably did cause the rendition of an improper verdict. Rule 434.

By requested Instruction No. 2, appellant sought to have the jury advised that the appellee would continue to be the owner of the land. Appellant made no objection to the charge on this ground and, hence, waived its right to complain. Rule 274.

In Special Instruction No. 3, appellant requested that the jury be instructed that the appellant's right of ingress and egress was limited to the 10' easement area only. As we view it, such instruction was not necessary.

Telephone company specially denied in its petition for condemnation that it sought any right of ingress or egress over any part of appellee's land except the 10' easement. There is nothing in the record raising any issue in this regard. Consequently, any such instruction would be superfluous. Appellant's point nine and points nineteen through twenty-one are overruled.

The twenty-second point complains of the court's definition of the term "easement" and also complains of the court's refusal to submit its requested instruction No. 3 defining the term.

The court's charge contained detailed explanations of the rights, duties and respon-

sibilities of the parties with regard to the use of the easement. Among other instructions the court instructed the jury as follows: "The term 'easement' as used in this case means an estate in real estate and the one having the easement has the dominant estate and the one on which the easement is imposed has the servient estate."

Appellant objected to the instruction on the ground that it was not a "legal definition and it is an attempt to fact find and it will confuse the jury and suggest to them dominant and servient and it is prejudicial."

In 21 Tex.Jur.2d p. 124, sec. 2, it is stated:

"An easement is a burden or charge for the benefit of another on the estate. The tenement on which the burden is imposed is called the subservient estate, while the one benefitted by it is commonly designated as the dominant estate." Citing *West v. Giesen*, 242 S.W. 312, 319 (Tex. Civ.App., Austin 1922, writ ref'd).

■ Where the trial court gives a definition or instruction, the party not satisfied with the same is required to file an objection specifically and clearly pointing out wherein it is claimed that the definition or instruction is insufficient or in error. Rule 274; *Yellow Cab & Baggage Co. v. Green*, 154 Tex. 330, 277 S.W.2d 92, 93 (1955). Any complaint concerning a definition or instruction is waived unless such complaint is specifically included in the objection. *Edwards v. Strong*, 147 Tex. 155, 213 S.W.2d 979 (1948). The objection, as we view it, embraces nothing more than broad legal conclusions and therefore the right to complain was waived. Appellant's twenty-second point is overruled.

Points thirty-seven through thirty-nine complain of the action of the court in receiving in evidence, over appellant's objection, comparable sales Nos. 6, 7 and 9.

Appellant first objects to the sales on the ground that they were not comparable in size and that the same amounted to a showing of comparable sales of commercial property whereas appellee's land was a raw acreage.

■ It is now settled law that evidence of comparable and similar sales located anywhere within the metropolitan trade area, if urban property is involved, is admissible in evidence. *City of Austin v. Cannizzo*, 153 Tex. 324, 267 S.W.2d 808, 815 (1954); *Hays v. State*, 342 S.W.2d 167 (Tex.Civ.App., Dallas 1960, ref'd n. r. e.); Rayburn, Texas Law of Condemnation, sec. 140(2).

■ There can be no absolute formula or definition of what constitutes similar or like property. Certainly, comparable does not mean identical. The determination will vary with each particular fact situation. Such elements as nearness in time, location, character, situation, usability and improvement may be considered as shedding light on the value of the land in question. Manifestly, the trial judge in applying so vague a standard must be granted a wide discretion, and his action will not be overturned unless an abuse of discretion is shown. *Holcombe v. City of Houston*, 351 S.W.2d 69 (Tex.Civ.App., Houston 1961, n. w. h.); *Coastal Transmission Corp. v. Lennox*, 331 S.W.2d 778 (Tex.Civ.App., San Antonio 1960, n. w. h.); *City of Houston v. Collins*, 310 S.W.2d 697 (Tex.Civ.App., Houston 1958, n. w. h.); Rayburn, Texas Law of Condemnation, sec. 117, p. 383. Without restating all the facts in the record relating to the objection made, we hold that no abuse of discretion was shown.

Appellant further objected to comparable sales Nos. 7 and 9 on the broad ground that they were leases rather than comparable sales. The evidence shows that both leases were ground leases on which the lessee had made extensive improvements. Appellee Ramsey, who qualified as an expert witness, testified that in placing a value on the land covered by the two leases, he used the capitalization of income approach. Both the appellee, Ramsey, and the witness, Searcy Ferguson, testified that this approach was a recognized and acceptable method of ascertaining market value.

■ It has been held that the capitalization of income approach is an acceptable method of determining market value and testimony of this type is admissible. *City*

*of Dallas v. Shackelford*, 200 S.W.2d 869 (Tex.Civ.App., Dallas 1946, writ ref'd n. r. e.); *Reeves v. City of Dallas*, 195 S.W.2d 575 (Tex.Civ.App., Dallas 1946, writ ref'd n. r. e.); see also Rayburn, Texas Law of Condemnation, sec. 119.

 After a study of the record as a whole, we have concluded that even if the testimony was inadmissible, the error, if any, was not such that it would be reasonably calculated to cause the rendition of an improper judgment. Rule 434; *State v. Parrish*, 159 Tex. 306, 320 S.W.2d 330 (1958). The record reveals that some twelve other comparable sales were offered in evidence. The verdict clearly shows that the jury did not accept the testimony in question, but on the contrary, based its verdict on other evidence of comparable sales in the area showing a much lower market value.

Other points briefed by appellant have been examined and found to be without merit and are overruled.

Finding no reversible error, the judgment of the trial court is affirmed.

McKAY, J., not participating.