**STATE of Texas and City of Austin, Appellants,**

v.

**OAK HILL JOINT VENTURE, et al., Appellees.**

**No. 3–90–115–CV.**

Court of Appeals of Texas, Austin.

Aug. 28, 1991.

Rehearing Overruled Oct. 23, 1991.

Iris J. Jones, City Atty., City of Austin, John J. Greene, James Noble Johnson, Asst. City Attys., Austin, for appellants.

Stephen I. Adler, Barron & Adler, Austin, for appellees.

Before CARROLL, C.J., and JONES and SMITH, JJ.

JONES, Justice.

This is a condemnation case. Appellants, State of Texas and City of Austin ("condemnors"), instituted eminent domain proceedings in the Probate Court of Travis County to condemn a portion of a tract owned by appellees, Oak Hill Joint Venture, NCNB Texas National Bank (formerly known as Interfirst Bank Austin, N.A.), and Steve Scott, Trustee (collectively, "Oak Hill"). Oak Hill stipulated that condemnors had the right to condemn the property, so the only issues to be decided were the amounts to award Oak Hill for the value of the part taken and for severance damages to the remainder. The case was tried to a jury after Oak Hill objected to the award of the special commissioners. The trial court rendered judgment awarding title to the condemned tract to the condemnors and, in accordance with the verdict, awarding Oak Hill $2,183,444.60: $1,734,516.82 as compensation for the part taken and $450,315.78 for severance damages to the remainder. Condemnors appeal from the judgment, complaining that, among other things, the trial court erred in refusing to admit evidence that Oak Hill actually owned a remainder larger than that "designated." We will affirm the judgment of the trial court in part and reverse and remand in part.

## THE DISPUTE

When condemnors filed their original petition for condemnation, Oak Hill owned a 16.025–acre tract of land in Travis County abutting U.S. Highway 290. The two-thirds of the tract closest to the highway was zoned for commercial use. The remaining third was zoned for multi-family residential use. Condemnors proposed to take a 5.015–acre strip from the length of the tract abutting the highway for expansion of Highway 290. The taking would, therefore, leave Oak Hill all of the residential-use property and slightly more than half of the commercial-use property.

Neither party contests the award of compensation for the part taken; the parties' dispute revolves, instead, around the amount awarded as damages to the remainder. For purposes of determining severance damages, Oak Hill claims a right to designate any portion of the remaining tract as the "remainder" and to waive damages to the part not designated. More importantly, Oak Hill claims a corresponding right to exclude from evidence all proof of its ownership of property abutting the "designated remainder" (i.e., of the existence of the non-designated portion of its remaining property). Condemnors, on the other hand, argue that such an exclusion is proper only where the "non-designated remainder" is not suitable for or adaptable to the use to which the designated remainder and the part taken were put or planned to be put.

The remainder designated by Oak Hill did not constitute all of the remaining part of its commercial-use property. Rather, Oak Hill designated as its remainder only a strip of land approximately 100 feet deep immediately behind the part taken. The strip contained 1.485 acres out of Oak Hill's actual remaining property of 11.01

acres. At trial, the trial court refused to admit evidence of the existence of the non-designated remainder. The case was tried as if Oak Hill owned only the part taken and a 100–foot–deep strip of land behind it.

### PRESERVATION OF ERROR

■ We must first consider whether condemnors have preserved their complaint for our review. They complain that the trial court erred by refusing to admit evidence of the true size of the remainder or, more precisely, of Oak Hill's ownership of the "tract" lying behind the designated remainder. Oak Hill urges us not to reach the merits of condemnors' argument, but to conclude, instead, that condemnors failed to preserve that complaint for our review.

The trial court heard the parties' arguments concerning their motions in limine before trial began. Although the record is unclear, it appears the trial court granted Oak Hill's motion as to evidence that the actual remainder was larger than Oak Hill's designated remainder. Oak Hill claims that, after losing the battle on the motion in limine, condemnors offered no evidence of the remainder's actual size at trial. Oak Hill argues, therefore, that condemnors have failed to make a record which shows that the trial court excluded any evidence. We disagree.

The record shows that condemnors did offer evidence of the true size of the remainder at trial. Condemnors' Exhibit 4 was a map of the highway project area. In its original condition, Exhibit No. 4 identified Oak Hill as the owner of the adjacent property behind the designated remainder. Condemnors' questioning of their expert witness about the map was interrupted by a discussion at the bench that was not recorded. Exhibit 4, with modifications described below, was later offered and admitted into evidence.

The record does not, *at that juncture*, indicate what took place during the off-the-record discussion at the bench. However, after the witness had been finally excused, counsel for all parties resumed their discussion about the exhibit on the record while the jury was not present. Certain portions of that on-the-record discussion clarify what had taken place during the earlier off-the-record discussion:

THE COURT: Yes, folks?

MR. ADLER (Counsel for Oak Hill): Your Honor, we had a bench conference where I objected to the admission of Exhibit No. 4 for the reason that the exhibit originally had shown, ... not only the ownership of the tract, but the size of the taking and the approximate size of the remainder. The Court deleted—actually physically cut out the reference to the subject property and the size of its remainder which, of course, we know is larger than the subject property in this case. But the other properties, and they're all numbered sequentially, the other properties continue to have the acreage and the take, and the remainder, thus it's going to be—I think the jurors, when something's cut out of an exhibit, immediately look to see what it is that's cut out. And my experience is that's the first thing they do when they get back to the jury room. And in this case, there's going to be no question but what information was deleted from that given the fact that—

THE COURT: Where are you talking about?

MR. ADLER: At the bottom.

THE COURT: Where it says, "5. Regency Park Joint Venture, 129, Oak Hill mini warehouse deed, and 130"?

MR. ADLER: Yes. And I believe on the top of the exhibit also, top left-hand corner.

\* \* \* \* \* \*

MR. ADLER: I would ask that they be cut out before we show it to the jury.

THE COURT: Sure.

A photograph of Condemnors' Exhibit No. 4 is included in the record. It shows three excisions from the exhibit.

A party seeking appellate review of an asserted error must have properly preserved its complaint in the trial court. Consequently, the Rules of Appellate Procedure direct litigants to make a "timely

request, objection or motion, stating the specific grounds for the ruling [it] desired the court to make if the specific grounds were not apparent from the context." Tex. R.App.P. 52(a).

The recorded bench conference and the photograph of Condemnors' Exhibit No. 4 indicate that condemnors offered evidence of the remainder's true size by tendering an exhibit showing Oak Hill's ownership of the "tract" behind the designated remainder. The trial court must have sustained Oak Hill's objection to the ownership reference; only such a ruling would have necessitated physically removing portions of the exhibit.

We conclude the record shows that condemnors sought to introduce evidence of the remainder's actual size and that condemnors' request was denied. Accordingly, we hold that condemnors preserved their complaint about the trial court's exclusion of evidence regarding ownership of the non-designated remainder and that we may consider condemnors' point of error addressed to the merits of that issue.

### DESIGNATION OF A REMAINDER

A landowner whose property has been partially taken must be compensated not only for the value of the part taken, but for any damages to the remainder caused by the severance. *State v. Carpenter*, 126 Tex. 604, 89 S.W.2d 194, 199 (1936). The landowner may, however, waive severance damages. *State v. Meyer*, 403 S.W.2d 366, 374 (Tex.1966). A landowner may divide the actual remainder into two parts and seek damages as to only one part. *State v. Watson*, 448 S.W.2d 720, 721 (Tex. Civ.App.1969, writ ref'd n.r.e.). Moreover, where the existence of the non-designated remainder has no relevance to the amount of severance damages sustained by the designated remainder, it has been held that evidence of the existence of the non-designated remainder may be excluded entirely. *Southwestern Bell Tel. Co. v. Ramsey*, 542 S.W.2d 466, 472 (Tex.Civ.App.1976, writ ref'd n.r.e.). The question in the present case, however, is whether evidence of the existence of the non-designated remainder

may be excluded even when its existence and potential uses *are* probative of the amount of severance damages sustained by the designated remainder.

Oak Hill argues that, because it is the landowner's right to "designate" a partial remainder and recover only the damages to the designated part, the landowner has an absolute right to exclude all evidence of the existence of the non-designated remainder. Oak Hill relies on the following language from *Ramsey:*

> Since the landowner had the burden of proving damages, he had a right to waive severance damages to any part or all of his remaining land. *State v. Meyer*, 403 S.W.2d 366 (Tex.1966); *State v. Watson*, 448 S.W.2d 720 (Tex.Civ.App., Waco 1969, writ ref'd n.r.e.). Where a landowner, as here, waives severance damages to a part of the remainder, the portion on which he does not waive damages will be considered as the remainder.

542 S.W.2d at 472.

We first note that the opinion in *Meyer*, to which the *Ramsey* opinion refers, neither holds nor implies that the landowner has a right to waive severance damages to a *part* of his remaining land rather than the entire remainder. While *Meyer* was a partial-taking case, the dispute concerned only the amount of compensation to be paid the landowner for the part taken; the landowner waived his right to recover *any* severance damages. The issue on appeal was whether the trial court erred by admitting evidence of denial of access to the remainder. The court held that, because the landowner had waived his right to recover severance damages, and because denial of access affected only the amount of such damages, evidence of denial of access should not have been admitted. Waiver of damages to a *part* of the remainder was not in issue and was not considered by the court.

Nevertheless, *Watson* and *Ramsey*, relying on *Meyer*, hold that when part of a landowner's tract has been taken, the landowner has the right to waive damages "to any part or all of his remaining land." *Watson*, 448 S.W.2d at 721; *Ramsey*, 542 S.W.2d at 472. We conclude, however, that

the holdings in both cases are limited to their facts and are distinguishable from the present case.

In *Watson* the special issues asked the jury to determine the severance damages to only a small part of the landowner's total remaining land. However, proof of the landowner's ownership of additional property was *not excluded* from evidence.

*Ramsey* is also distinguishable. There, the designated remainder had a highest and best use different from the highest and best use of the non-designated part. In addressing the designation question, the court held:

> Ordinarily a landowner has a right to claim severance damages to the entire remainder *provided it is contiguous and there is unity of use.* ... In instances where a substantial portion of the remainder is suitable and adaptable to commercial or industrial use, *and the other part of the remainder is not suitable or adaptable to the same purpose,* the landowner is *permitted* to claim severance damages to only that portion thereof suitable and adaptable to specific uses.

*Ramsey,* 542 S.W.2d at 472 (emphasis added) (citations omitted). This passage does not authorize a landowner to divide his remainder arbitrarily and thereby bar the condemnor from showing the remainder's actual size to be greater. Rather, it allows the landowner to show that only a part of his original tract is suitable for or adaptable to a particular use and that the dispute should, therefore, be limited to a consideration only of damages to the remainder of that part. By designating this smaller remainder, the landowner presumably could show that the real loss he has suffered is the loss of opportunity to put the land to that use. However, the holding in *Ramsey* cannot automatically apply to situations where, as in the present case, there is a "unity of use" between the designated remainder and at least a portion of the non-designated remainder. *Cf. State v. Lackey,* 576 S.W.2d 685, 687 (Tex.Civ.App.1979, writ ref'd n.r.e.).

We conclude, therefore, that the reasoning of *Ramsey* does not apply to the present case. *Ramsey* does not give the landowner an absolute right to the exclusion of evidence of the existence and potential uses of the non-designated remainder. We interpret *Ramsey* to permit the landowner to exclude such evidence only if ownership of the additional property lacks any probative value as to the amount of damages sustained by the designated remainder, e.g., where the highest and best use of the designated remainder is one to which no part of the non-designated remainder is suitable or adaptable. However, where at least part of the non-designated remainder *is* suitable or adaptable to such use, its existence may be highly relevant to the true amount of severance damages.

In the present case, the issue of use is the focus of the parties' dispute. A portion of Oak Hill's expert testimony was to the effect that Oak Hill's severance damages were high because its remaining land (the designated 100–foot strip) was too narrow for the commercial use that was the highest and best use to which the tract—in combination with the part taken—could have been put. Condemnors sought to introduce evidence of the existence of the non-designated remainder simply to show that such a valuable use was in fact still available to Oak Hill. Condemnors were entitled to show that at least some of the non-designated remainder was suitable for the highest and best use ascribed to the designated remainder, thereby "replacing" the part taken and, in all likelihood, showing a smaller reduction in market value than that asserted by Oak Hill. This, in turn, would reduce the overall severance damages to the remainder. Based on the circumstances of the present case, therefore, we conclude that the trial court erred in excluding evidence that would have shown the remainder's true size or that the non-designated remainder could be put to the same use as the designated remainder.

The erroneous exclusion of evidence requires reversal of a judgment only if the exclusion "was reasonably calculated to cause and probably did cause rendition of an improper judgment." *Gee v. Liberty*

*Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); Tex.R.App.P. 81(b)(1). The trial court, by excluding evidence that the true remainder was actually larger than the designated part, deprived condemnors of the opportunity to present probative evidence regarding the effect of the taking on the market value of the designated remainder. Consequently, we will reverse the severance-damage award. We sustain appellants' first point of error.

■ The use to which the remainder is ultimately put has no bearing on the pre-condemnation market value of the part taken. *See Meyer*, 403 S.W.2d at 374. Moreover, neither party has complained about the trial court's award of compensation for the part taken. We conclude, therefore, that the error we have found does not affect that award.

Because we reverse the award of severance damages and remand that portion of the cause for a new trial, we need not address condemnors' other two points of error.

We reverse the portion of the trial court's judgment concerning the severance damages to Oak Hill's remainder, and we remand that portion of the cause for further proceedings consistent with this opinion. We affirm the remainder of the judgment.