JOhnny Carroll v. Whitney ISD















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-197-CV

     JOHNNY CARROLL, INDIVIDUALLY,
     AND AS EXECUTOR OF THE 
     RAY CARROLL ESTATE AND TRUSTEE
     OF THE JOHNNY CARROLL TRUST,
                                                                              Appellant
     v.

     WHITNEY INDEPENDENT SCHOOL 
     DISTRICT, HILL COUNTY EDUCATION 
     DISTRICT, CITY OF WHITNEY, 
     AND HILL COUNTY
                                                                              Appellees
 

From the 66th District Court
Hill County, Texas
Trial Court # 7970-A
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellees obtained a post-answer default judgment against Johnny Ray Carroll and others in
a tax delinquency foreclosure suit. Carroll appealed in his individual capacity and as executor of
the Estate of Ray K. Carroll, deceased, and trustee of the Johnny Carroll Trust.
      The court signed the judgment on February 14, 2002. Carroll filed his notice of appeal on
June 24. Because Carroll did not participate in the trial on the merits, we have determined to treat
this as a restricted appeal under Rule of Appellate Procedure 30. See Tex. R. App. P. 30; Taylor
v. Taylor, 63 S.W.3d 93, 96 (Tex. App.—Waco 2001, no pet.).
      Because Carroll filed his notice of appeal on June 24, the record was due on July 24. The
trial court clerk informed us by letter dated June 27 that Carroll had failed to make the necessary
arrangements for the filing of the clerk’s record. We notified him by July 3 letter that this appeal
would be dismissed if he failed to pay the clerk’s fee for preparation of the record or make
arrangements for payment of that fee. See Tex. R. App. P. 37.3(b), 42.3, 44.3. He has failed to
comply. Accordingly, we dismiss the appeal for want of prosecution. Id. 37.3(b).

                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed August 21, 2002
Do not publish
[CV06]



160;                    The State relies primarily upon the Supreme Court's reasoning in State v. Windham, 837
S.W.2d 73 (Tex. 1992), for its argument. In Windham, the State sought to condemn 2.12 acres
out of a 19-acre tract for the purpose of widening a highway in Brazos County. Id. at 74. Both
the State and the condemnee agreed that the highest and best use of the 2.12 acres was for
commercial development purposes. Id. The parties also agreed that the 2.12-acre strip was not
a self-sufficient economic unit. See id. With the 2.12-acre strip not being a self-sufficient
economic unit, the parties were unable to determine the value of the strip without combining it
with enough of the remainder to the point where the combined tract would constitute a self-sufficient economic unit. Id. The question then arose of how much of the remainder tract should
be included with the 2.12 acres to determine the value of the 2.12 acres. Id. at 76. The
condemnee asserted that the 2.12-acre strip, if broadened to a 3.84-acre strip of land, would
constitute a self-sufficient economic unit. Id. at 74. The condemnee then argued that the fair
market value of the 3.84-acre tract could then be determined by calculating the 2.12-acre strip as
a pro rata portion of the 3.84 acres. Id.
          The State, however, maintained that the highest and best use of the entire 19 acres would
be to keep the entire 19 acres together and eventually use them for commercial development
purposes. Id. at 75. Therefore, the State argued that the 2.12-acre strip should only be considered
with the entire original 19-acre tract and that the condemnee should not be permitted to determine
how much of the remainder tract the 2.12 acres should be considered therewith. Id. The trial
court agreed with the condemnee and prevented the State from offering any evidence on the fair
market value of the entire 19-acre tract. Id. at 74.
          The Supreme Court disagreed with the trial court, and the intermediate court that affirmed
its decision, and held that the State was entitled to offer evidence on the highest and best use of
the entire 19-acre tract and how the value of the 2.12-acre strip would be affected thereby. Id. at
76.
          Concerning the facts here, the State argues that the highest and best use of the entire 86.4-acre tract is for single-family residential use. The State also contends that the highest and best use
of the 20-acre portion that was taken is for single-family residential use, but only if the 20-acre
portion is considered with the remainder. The State's argument, however, must fail.
          The Supreme Court has expressly held that when a portion of a larger tract is condemned,
and the portion taken is a self-sufficient economic unit, then the valuation of the portion taken is
not to involve any consideration of the value of the remainder. Id.; see City of Tyler v. Brogan,
437 S.W.2d 609, 613 (Tex. Civ. App.—Tyler 1969, no writ). Whether or not the part taken could
have a higher and better use if it was left combined with the remainder does not determine whether
or not the part taken is a self-sufficient economic unit. The State's own appraiser, Mr. Gruelle,
believed that the 20-acre portion that was taken could be developed as a self-sufficient economic
unit. True, he also believed that the 20 acres would have had a higher and better use if developed
along with the remainder, but the fact remains that he first and foremost believed that the part
taken constituted a self-sufficient economic unit. Because both parties agreed that the 20-acre
portion constituted a self-sufficient economic unit, any evidence on the value of the remainder was
irrelevant. See Southwestern Bell Tel. Co. v. Ramsey, 542 S.W.2d 466, 471 (Tex. Civ.
App.—Tyler 1976, writ ref'd n.r.e.). The State's point of error is overruled, and the judgment
is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
         Justice Vance
Affirmed
Opinion delivered and filed July 17, 1996
Do not publish